IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARLTON J. WALKER, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | CIVIL No: 7:16-CV-0137-HL-TQL |
| MARTY ALLEN, et al, : | |
| : | |
| Defendants : | |

# ORDER

Currently before the Court is a *pro se* civil rights complaint filed by Plaintiff Carlton J. Walker, an inmate currently confined at Hays State Prison in Trion, Georgia. Plaintiff also requests that counsel be appointment to assist him in this case. After conducting a preliminary review of his complaint, as is required by 28 U.S.C. § 1915A(a), the Court finds that Plaintiff's allegations fail to state a viable claim against any named defendant. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim; and his Motion for Counsel is **DENIED**.

## I.  Motion for Appointment of Counsel

As a preliminary matter, the Court first considers Plaintiff's need for the assistance of legal counsel. *See* Notice, Sept. 7, 2016 (ECF No. 11). Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment

1

of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff filed a § 1983 *pro se* complaint using the Court's standard form. The undersigned is now required to review the complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is not an "exceptional circumstance" justifying the appointment of counsel. Plaintiff's current motion, filed prior any order of service in this case, is also pre-mature. Plaintiff's need for counsel cannot be properly evaluated until after a preliminary review of his complaint is completed and responsive pleadings are filed. After a review of Plaintiff's Complaint, the Court further finds that the essential facts and legal doctrines are thus ascertainable by Plaintiff without the assistance of an attorney: the facts not complicated; and the law governing his claims is neither novel nor complex.

Plaintiff's motion appointed counsel (ECF No. 11) is therefore **DENIED**.

II. <u>Preliminary Review</u>

A. **Authority and Standard for Review under 28 U.S.C. § 1915A**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a). In so doing, the

district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, still subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

### B. Plaintiff's Complaint

In this case, Plaintiff complains that officials at Valdosta State Prison acted with

"deliberate indifference" to his health and safety when they ordered or allowed his transfer to Hays State Prison. According to the Complaint, Plaintiff was attacked by members of the "Blood's Gang" in or around February 2016 while he was confined at Valdosta State Prison. All of the named defendants – Warden Marty Allen, Deputy Warden Calvin Orr, and Deputy Warden Shunda Woods – are employed at Valdosta State Prison and were made personally aware of the attack when, or shortly after, it occurred. After the attack, Plaintiff was provided medical treatment and placed in "Tier I" segregation (for either disciplinary or protective custody). During this time, Plaintiff requested that he be transferred to another facility. Plaintiff was, within forty-five days of the attack, returned to general population, and two weeks later, transferred to Hays State Prison where he was again placed in Tier I segregation, away from general population.

At some point after his arrival to Hays State Prison, Plaintiff learned that "some of the inmates" involved in his attack in Valdosta were also there. Plaintiff has thus concluded that the named defendants "deliberately . . . transferred him" to Hays "knowing that some of the inmates who had assaulted him" were also housed there. Plaintiff now seeks to recover $1,500,000.00 in compensatory damages for Defendants failure to take his "welfare and safety serious[ly]" and prays that the Court will order Defendants' termination from the Georgia Department of Corrections.

The Court of course accepts of the factual allegations in the complaint as true, as is required at this early stage of the proceedings. However, even if true, Plaintiff's allegations fail to state a valid constitutional claim. *See generally, Farmer v. Brennan*, 511

4

U.S. 825, 833 (1994).  *See also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk'. . .") (cites omitted).

Nothing in Plaintiff's Complaint, other than his own self-serving conclusory assumptions, suggests that Defendants have acted with deliberate indifference to his safety. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").  There is likewise nothing in the Complaint to show that Plaintiff's safety is currently at risk.  Plaintiff in fact alleges that he is housed in segregation – away from the reach of other inmates – and he does claim to have been contacted or threatened by these inmates or that his attackers are housed in his immediate vicinity such they posed a physical threat.   In the absence of an identified actual or probable risk of serious danger, it is not enough for Plaintiff to simply to complain that those inmates are housed at the same facility.  *See Brooks v. Powell*, 800 F.3d 1295 (11th Cir. 2015) (prisoner failed to allege deliberate indifference where officials, despite knowledge of a specific threat of danger, had no plausible reason to assume inmates would be unsecured simultaneously). Prisoners also have no abstract constitutional right to remain in, or be transferred to, any particular institution. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

Furthermore, even if a more articulately plead version of Plaintiff's Complaint could state an Eighth Amendment claim against Defendants, Plaintiff does not claim (or

5

appear) to have suffered any physical injury as a result of the transfer. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus,

> if due to the defendant's actions, a prisoner has not suffered some physical injury which is sufficient to satisfy the statutory provision . . . , and the prisoner therefore cannot show anything more than mental or emotional suffering, [he] is foreclosed from obtaining compensatory or punitive damages even if there has been some violation of his constitutional rights.

*Jones v. Ross*, No. 09–21563–CIV, 2010 WL 2521436 at *2 (S.D. Fla. April 26, 2010) (citing *Harris v. Garner*, 190 F.3d 1279, 1286–87 (11th Cir. 1999), vacated in part and reinstated in part, *Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). Therefore, in the absence of any physical injury, Plaintiff's claims for $1,500,000.00 in compensatory damages are foreclosed as a matter of law and therefore frivolous.

The only other relief sought on the face of the Complaint, an order for the termination of Defendants' employment with the Georgia Department of Corrections, is likewise foreclosed. The district courts do not have the "authority to address state officials out of office or to fire state employees." *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978).

Plaintiff's Complaint thus neither states facts supporting a viable constitutional claim nor seeks relief available to him under § 1983.

### III. <u>Conclusion</u>

For these reasons, and because the statute of limitations will not bar refiling,[1] Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and his motion for the appointment counsel is **DENIED**.  *See* 28 U.S.C. § 1915; 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**, this 30th day of September, 2016.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

---

[1] According to the Complaint, Plaintiff's claims arise out of events occurring on or after February of 2016.  There is thus no reason to believe that Georgia's applicable two-year statute of limitations for person injury claims will bar refiling. *See Owens v. Okure*, 488 U.S. 235, 236 (1989); O.C.G.A. § 9-3-33 (1982).